UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 12-CR-

12-CR 126

[18 U.S.C. §§ 152, 157, 1014, 1343, 1344, 1957(a)]

NIKKI LEE,
aka Nick Lee,
fka James Wellens,

Defendant.

## INDICTMENT

THE GRAND JURY CHARGES THAT:

1. Beginning on or about March 21, 2007, and continuing until on or about September 3, 2009, in the State and Eastern District of Wisconsin,

**NIKKI LEE,
aka Nick Lee,
fka James Wellens,**

devised a scheme to defraud and obtain money from a financial institution by means of materially false and fraudulent pretenses, representations, and promises.

2. For purposes of executing and concealing the scheme, and in attempting to do so, Lee:

   a. submitted a materially false and fraudulent loan application and supporting documentation in violation of Title 18, United States Code, Section 1344;

b. caused a wire transfer of $270,000.00 to be made in interstate commerce, in violation of Title 18, United States Code, Section 1343; and

c. filed a petition under Chapter 7 of Title 11, United States Code, declaring bankruptcy and seeking discharge of his debts, in violation of Title 18, United States Code, Section 157.

## The Scheme to Defraud

3. On or about April 26, 2007, Lee applied for a $270,000.00 home equity line of credit secured by his residence on Hidden Lake Road, Suamico, Wisconsin. Lee reported his gross monthly income as $24,744.00. In support of the application, Lee submitted a 2005 federal tax return, form 1040, purportedly signed by Lee on March 27, 2006, showing business income of $296,929.00 and adjusted gross income of $287,968.00. This 2005 form 1040 was never filed with the Internal Revenue Service. The loan closed with disbursement of $269,452.50 to Lee on May 1, 2007.

4. On May 1, 2007, Lee opened a checking account at Baylake Bank by depositing the proceeds of the home equity line of credit of $269,452.50.

5. The 2005 federal tax return, form 1040, filed with the Internal Revenue Service on January 18, 2008, and signed by Lee on November 30, 2007, reports business income of negative $2,439.00 and adjusted gross income of negative $14,284.00.

6. From July 20, 2007, to August 13, 2007, Lee withdrew over $480,000 in cash from bank accounts in his control.

7. On March 21, 2007, Lee, using the name Rocket Motorsports, purchased a 2007 Harley Davidson motorcycle, vehicle identification number (VIN) ending 8067, for $9,071.92.

8. On November 28, 2007, Lee, using the name World Tour Productions, purchased a 2006 Harley Davidson motorcycle, VIN ending 7030, for $20,000.00; and a 2008 Harley Davidson motorcycle, VIN ending 0950, for $8,695.00.

9. On January 28, 2008, Lee, using the name World Tour Productions, purchased a 2006 Harley Davidson motorcycle, VIN ending 6967, for $20,000.00.

10. On or about February 25, 2008, Lee paid $50,000.00 to American Trailers and Haulmark Industries as a deposit for the use of a Haulmark motorcoach, VIN ending 4088, and a Haulmark trailer, VIN ending 4719. Lee took possession of the motorcoach and trailer in May, 2008.

11. On April 9, 2008, Lee using the name World Burnout Tour Productions, purchased a 2008 Harley Davidson motorcycle, VIN ending 0476, for $6,481.50.

12. On April 12, 2008, Lee, using the name World Burnout Productions, purchased a 2008 Harley Davidson motorcycle, VIN ending 0313, for $6,197.00.

13. On April 24, 2008, Lee filed a Voluntary Petition for Chapter 7 bankruptcy pursuant to Title 11 of the United States Code. The petition was filed with the United States Bankruptcy Court for the Eastern District of Wisconsin, case number 08-24243-svk. On April 23, 2008, Lee signed the petition under penalty of perjury, declaring "that the information provided in the petition is true and correct."

14. In the petition, Lee declared total assets of $466,124.00, of which $465,424.00 was in real estate, including his residence on Hidden Lake Lane valued at $301,300.00. Lee declared total liabilities of $1,618,012.96, of which $1,049,975.50 was owed on loans secured by the residence.

15.     The bankruptcy petition includes, as a required part, schedules designed to identify for the court and creditors, assets and liabilities of the bankruptcy petitioner. Schedules A through J were signed by Lee on April 23, 2008, under penalty of perjury, declaring "that I have read the foregoing summary and schedules . . . and that they are true and correct to the best of my knowledge, information, and belief." The schedules were filed on April 24, 2008.

16.     Despite the declaration under penalty of perjury, the schedules were not true and correct, in the following material aspects:

    a.     Since March 8, 1999, and continuing through April 24, 2008, and beyond, Lee has been a Federal Firearms Licensee and National Firearms Act Class III Dealer, doing business as Lee & Co. This license allows Lee to be in the business of selling firearms, including machine guns and other National Firearms Act weapons, which require special registration with the United States government. On his bankruptcy petition, Schedule B - Personal Property, Lee failed to disclose the following material information:

        1)     Item 8 - firearms. Lee failed to report at least 51 personal and business inventory firearms, including at least 20 machine guns.

        2)     Item 13 - interests in business. Lee failed to report his interest in the firearms business Lee & Co.

        3)     Item 23 - licenses. Lee failed to report his Federal Firearms License.

        4)     Item 30 - inventory. Lee failed to report at least 38 firearms in the inventory of Lee & Co., including at least 20 machine guns.

b.  Lee failed to report the following property interests on Schedule B – Personal Property:

1) Item 3 – security deposits. Lee failed to report the $50,000 deposit made to American Trailers and Haulmark on February 25, 2008.

2) Item 13 – interest in business. Lee failed to report his interest in World Burnout Tour, World Tour Productions, World Burnout Tour Productions, WBT Productions, or Rocket Motor Sports.

3) Item 25 – vehicles. Lee failed to report the following vehicles:

   i) 2008 Haulmark motorcoach, VIN ending 4088;

   ii) 2008 Haulmark trailer, VIN ending 4719;

   iii) 1990 Harley Davidson motorcycle, VIN ending 0742;

   iv) 1998 Harley Davidson motorcycle, VIN ending 1163;

   v) 2004 Harley Davidson motorcycle, VIN ending 9131;

   vi) 2006 Harley Davidson motorcycle, VIN ending 7030;

   vii) 2006 Harley Davidson motorcycle, VIN ending 6967;

   viii) 2007 Harley Davidson motorcycle, VIN ending 8067;

   ix) 2008 Harley Davidson motorcycle, VIN ending 0950;

   x) 2008 Harley Davidson motorcycle, VIN ending 0313;

   xi) 2008 Harley Davidson motorcycle, VIN ending 0476;

   xii) 1987 Yamaha motorcycle, VIN ending 3326;

   xiii) 1988 Yamaha motorcycle, VIN ending 5394;

   xiv) 1989 Yamaha motorcycle, VIN ending 6889;

-5-

Case 2:12-cr-00126-CNC   Filed 06/19/12   Page 5 of 20   Document 1

xv) 1992 Yamaha motorcycle, VIN ending 8239;

xvi) 1991 Geo Tracker, VIN ending 0174; and

xvi) 2000 Excaliber trailer, VIN ending 0699.

4) Item 26 – boats. Lee failed to report the following boats:

i) 2001 Bombardier Seadoo, hull number CECW0278C101; and

ii) 2001 Bombardier Seadoo, hull number CECW0359C101.

c. On Schedule G – Executory Contracts and Unexpired Leases, Lee failed to report an agreement with Haulmark Motorcoach and Trailer Company, entered March 7, 2008, giving Lee the use of the motorcoach and trailer for 9 months for "transportation, advertising, display and selling at various World Burnout Tour, LLC events." The $50,000.00 deposit was made in support of the agreement.

17. The bankruptcy petition includes, as a required part, a Statement of Financial Affairs, which Lee signed under penalty of perjury on April 23, 2008, declaring "that I have read the answers contained in the foregoing statement of financial affairs and any attachment thereto and that they are true and correct." The Statement of Financial Affairs was filed with the petition on April 24, 2008.

18. Despite the declaration under penalty of perjury, the Statement of Financial Affairs was not true and correct in the following material aspects:

a. Item 10 – other transfers. Lee failed to report the transfer of $50,000.00 to American Trailers and Haulmark as deposit for the use of the motorcoach and trailer.

-6-

b.	Item 18 – nature, location and name of business. Lee falsely reported he ceased association with Lee & Co. Firearms on February 7, 2007, and falsely reported he ceased association with Rocket Motor Sports on April 17, 2004.

19.	On September 3, 2009, the United States Bankruptcy Court for the Eastern District of Wisconsin, granted Lee a discharge of his debts pursuant to Title 11, United States Code, Section 727.

## COUNT ONE
(Bank Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

20.	On or about April 26, 2007, in the State and Eastern District of Wisconsin,

**NIKKI LEE,
aka Nick Lee,
fka James Wellens,**

for the purpose of executing and attempting to execute the scheme to defraud, knowingly submitted a materially false and fraudulent loan application and supporting documentation to J.P. Morgan Chase Bank, a federally insured financial institution, in that Lee falsely claimed gross monthly income of $24,744.00.

All in violation of Title 18, United State Code, Section 1344.

-7-

## COUNT TWO
(Wire Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

21. On or about May 1, 2007, in the State and Eastern District of Wisconsin,

**NIKKI LEE,
aka Nick Lee,
fka James Wellens,**

for the purpose of executing the scheme to defraud caused to be transmitted by means of wire communication in interstate commerce loan proceeds of $270,000.00, from J.P. Morgan Chase Bank, Chicago, Illinois, to Title Trends, Inc., Green Bay, Wisconsin.

All in violation of Title 18, United States Code, Section 1343.

## COUNT THREE
(Bankruptcy Fraud)

THE GRAND JURY FURTHER CHARGES THAT:

22. On or about April 24, 2008, in the State and Eastern District of Wisconsin,

**NIKKI LEE,
aka Nick Lee,
fka James Wellens,**

for the purpose of executing and concealing the scheme to defraud, knowingly filed a petition for Chapter 7 bankruptcy under Title 11 of the United States Code.

All in violation of Title 18, United States Code, Section 157.

## COUNT FOUR
(False Statement on Loan Application)

THE GRAND JURY FURTHER CHARGES THAT:

23. On or about April 26, 2007, in the State and Eastern District of Wisconsin,

**NIKKI LEE,
aka Nick Lee,
fka James Wellens,**

knowingly made a false statement for the purpose of influencing the action of J.P. Morgan Chase Bank, a federally insured financial institution, in connection with a loan of $270,000.00, in that the defendant falsely stated he had gross monthly income of $24,744.00 per month.

All in violation of Title 18, United States Code, Section 1014.

## COUNTS FIVE - EIGHTEEN
(Unlawful Monetary Transactions)

THE GRAND JURY FURTHER CHARGES THAT:

24. On or about the dates listed below, in the State and Eastern District of Wisconsin, and elsewhere,

**NIKKI LEE,
aka Nick Lee,
fka James Wellens,**

knowingly engaged in a monetary transaction by, through, or to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000. The monetary transactions involved the deposit, withdrawal, transfer, or exchange of funds derived from a specified unlawful activity, namely bank fraud, in violation of Title 18, United States Code, Section 1344, as charged in Count One above, and wire fraud, in violation of Title 18, United States Code, Section 1343, as charged in Count Two above.

| Count | Date | Monetary Transaction |
| --- | --- | --- |
| 5 | 06/21/07 | Withdrawal of $270,247.15 from Baylake Bank checking account number ending 416 |
| 6 | 06/21/07 | Deposit of $270,247.15 to Marine Credit Union checking account number ending 113 |
| 7 | 06/22/07 | Withdrawal of $360,000.00 from Marine Credit Union checking account number ending 113 |
| 8 | 06/22/07 | Deposit of $360,000.00 to Community Bank Financial (currently BMO Harris) money market account number ending 366 |
| 9 | 07/20/07 | Withdrawal of $31,091.53 from Community Bank Financial (currently BMO Harris) money market account number ending 366 |

Case 2:12-cr-00126-CNC   Filed 06/19/12   Page 11 of 20   Document 1

| 10 | 07/20/07 | Withdrawal of $350,000.00 from Community Bank Financial (currently BMO Harris) money market account number ending 366 |
| --- | --- | --- |
| 11 | 07/20/07 | Deposit of $350,000.00 to Community Bank Financial (currently BMO Harris) checking account number ending 603 |
| 12 | 07/23/07 | Withdrawal of $50,000.00 from Community Bank Financial (currently BMO Harris) checking account number ending 603 |
| 13 | 07/24/07 | Withdrawal of $15,000.00 from Community Bank Financial (currently BMO Harris) checking account number ending 603 |
| 14 | 07/30/07 | Withdrawal of $20,000.00 from Community Bank Financial (currently BMO Harris) checking account number ending 603 |
| 15 | 07/30/07 | Withdrawal of $30,300.00 from Community Bank Financial (currently BMO Harris) checking account number ending 603 |
| 16 | 08/02/07 | Withdrawal of $12,000.00 from Community Bank Financial (currently BMO Harris) checking account number ending 603 |
| 17 | 08/06/07 | Transfer of $200,000.00 from Community Bank Financial (currently BMO Harris) checking account number ending 603 to First National Bank, Sturgis, SD |
| 18 | 08/08/07 | Exchange of a $200,000.00 cashier's check drawn on the First National Bank, Sturgis, SD, for $200,000.00 cash |

Each in violation of Title 18, United States Code, Section 1957(a).

Case 2:12-cr-00126-CNC   Filed 06/19/12   Page 12 of 20   Document 1

## COUNTS NINETEEN - TWENTY-EIGHT
(False Declarations in Bankruptcy)

THE GRAND JURY FURTHER CHARGES THAT:

25. On or about April 24, 2008, in the State and Eastern District of Wisconsin,

**NIKKI LEE,
aka Nick Lee,
fka James Wellens,**

knowingly and fraudulently made materially false declarations, certifications, verifications, and statements under penalty of perjury as permitted under Section 1746 of Title 28, United States Code, in or in relation to a case under Title 11, United States Code, that is:

| Count | Bankruptcy Petition in Case No. 08-24243-svk |
|---|---|
| 19 | Item 3 of Schedule B, the defendant answered "none" as to security deposits. In truth and in fact, the defendant paid a security deposit of $50,000 on or about February 25, 2008. |
| 20 | Item 8 of Schedule B, the defendant answered "none" as to firearms. In truth and in fact, the defendant owned and controlled at least 51 firearms. |
| 21 | Item 13 of Schedule B, the defendant answered "none" as to interests in businesses. In truth and in fact, the defendant had an interest in several business entities including Lee & Co, World Burnout Tour, World Tour Productions, World Burnout Tour Productions, WBT Productions, and Rocket Motor Sports. |
| 22 | Item 23 of Schedule B, the defendant answered "none" as to licenses. In truth and in fact, the defendant held a valid Federal Firearms License. |

| | |
|---|---|
| 23 | Item 25 of Schedule B, the defendant answered "none" as to vehicles. In truth and in fact, the defendant owned, possessed, and controlled numerous vehicles including the following:<br><br>2008 Haulmark motorcoach, VIN ending 4088;<br>2008 Haulmark trailer, VIN ending 4719;<br>1990 Harley Davidson motorcycle, VIN ending 0742;<br>1998 Harley Davidson motorcycle, VIN ending 1163;<br>2004 Harley Davidson motorcycle, VIN ending 9131<br>2006 Harley Davidson motorcycle, VIN ending 7030;<br>2006 Harley Davidson motorcycle, VIN ending 6967;<br>2007 Harley Davidson motorcycle, VIN ending 8067;<br>2008 Harley Davidson motorcycle, VIN ending 0950;<br>2008 Harley Davidson motorcycle, VIN ending 0313;<br>2008 Harley Davidson motorcycle, VIN ending 0476;<br>1987 Yamaha motorcycle, VIN ending 3326;<br>1988 Yamaha motorcycle, VIN ending 5394;<br>1989 Yamaha motorcycle, VIN ending 6889;<br>1992 Yamaha motorcycle, VIN ending 8239;<br>1991 Geo, VIN ending 0174; and<br>2000 Excaliber trailer, VIN ending 0699. |
| 24 | Item 26 of Schedule B, the defendant answered "none" as to boats. In truth and in fact, the defendant owned, possessed, and controlled two Bombardier Seadoos, hull numbers CECW0278C101 and CECW0359C101. |
| 25 | Item 30 of Schedule B, the defendant answered "none" as to inventory. In truth and in fact, the defendant controlled an inventory of at least 38 firearms under his Federal Firearms License. |
| 26 | Schedule G, the defendant failed to report an executory contract and unexpired lease with Haulmark Motorcoach and Trailer Company entered into on March 7, 2008. |
| 27 | Item 10 of the Statement of Financial Affairs, the defendant answered "none" as to other transfers. In truth and in fact, the defendant had transferred $50,000.00 to American Trailers and Haulmark on or about February 25, 2008. |
| 28 | Item 18 of the Statement of Financial Affairs, the defendant stated his association with Rocket Motor Sports ended April 17, 2004, and his association with Lee and Co. Firearms ended February 7, 2007. In truth and in fact, the defendant had not ended his association with and ownership of either entity. |

Each in violation of Title 18, United States Code, Section 152(3).

## COUNT TWENTY-NINE
(Concealment of Bankruptcy Assets)

THE GRAND JURY FURTHER CHARGES THAT:

26. Between April 24, 2008, and September 3, 2009, in the State and Eastern District of Wisconsin,

**NIKKI LEE,
aka Nick Lee,
fka James Wellens,**

knowingly and fraudulently concealed from creditors, the trustee, and the United States Trustee, property belonging to the debtor's estate, in connection with the case *In re Nikki Lee*, Case No. 08-24243-svk, in the United States Bankruptcy Court for the Eastern District of Wisconsin, which was filed under Title 11 of the United States Code, including: 1) Lee's interest in the Haulmark motorcoach, VIN ending 4088, and Haulmark trailer, VIN ending 4719, including the $50,000.00 deposit; 2) nine Harley Davidson motorcycles, four Yamaha motorcycles, a Geo Tracker, and an Excaliber trailer, as identified in paragraph 16.b.3. above; 3) two Bombardier Seadoos, as identified in paragraph 16.b.4. above; and 5) at least 51 firearms.

All in violation of Title 18, United States Code, Section 152(1).

## COUNT THIRTY
(False Bankruptcy Oath)

THE GRAND JURY FURTHER CHARGES THAT:

27. On or about March 26, 2009, in the State and Eastern District of Wisconsin,

**NIKKI LEE,
aka Nick Lee,
fka James Wellens,**

knowingly and fraudulently made materially false oaths and accounts in and in relation to a case under Title 11 of the United States Code, filed in the United States Bankruptcy Court for the Eastern District of Wisconsin, that is, *In re Nikki Lee*, Case No. 08-24243-svk. While testifying before the court in adversary case No. 08-2203, Lee made the following underlined false oath.

| | |
|---|---|
| Question: | In February 7 of 2007, did you sell your gun dealing business to Mr. Rahr? |
| Lee Answer: | What was the date on that? |
| Question: | February 7, 2007. |
| Lee Answer: | I'd have to look at the document <u>when I sold him the business</u>. |
| Lee Attorney: | Can we just stipulate to the information on the document? |
| Lee Answer: | <u>There's a date on the document that I sold it to him</u>. |
| Lee Attorney: | Yes. I mean, well, I don't think anybody is disputing the date on whatever exhibit that is. |
| The Court: | Okay. |
| Lee Answer: | <u>That's the date</u>. |

In truth and in fact, Lee had never sold his gun dealing business to Mr. Rahr or to anyone else.

All in violation of Title 18, United States Code, Section 152(2).

## Forfeiture Notice

28. Upon conviction of one or both of the offenses in violation of Title 18, United States Code, Sections 1344 and 1014, set forth in Counts One and Four of this Indictment, respectively, Defendant Nikki Lee shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the offense. The property to be forfeited includes, but is not limited to, a sum of money equal to the proceeds derived from the offense.

29. Upon conviction of the wire fraud offense in violation of Title 18, United States Code, Section 1343, set forth in Count Two of this Indictment, Defendant Nikki Lee shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to a sum of money equal to the proceeds derived from the offense.

30. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 1957, set forth in Counts Five through Eighteen of this Indictment, Defendant Nikki Lee shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense, and any property traceable to such property, including, but not limited to a sum of money equal to the value of the property involved in the offense.

31. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Section 152, set forth in Counts Nineteen through Thirty of this Indictment, respectively, Defendant Nikki Lee shall forfeit to the United States of America, pursuant to Title

18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to:

    a.    a sum of money equal to the proceeds derived from the offense, and

    b.    the following items of personal property:

        1. One 2008 Haulmark motorcoach, VIN ending 4088;

        2. One 2008 Haulmark trailer, VIN ending 4719;

        3. One 1990 Harley Davidson motorcycle, VIN ending 0742;

        4. One 1998 Harley Davidson motorcycle, VIN ending 1163;

        5. One 2004 Harley Davidson motorcycle, VIN ending 9131;

        6. One 2006 Harley Davidson motorcycle, VIN ending 7030;

        7. One 2008 Harley Davidson motorcycle, VIN ending 0950;

        8. One 2008 Harley Davidson motorcycle, VIN ending 0313;

        9. One 2008 Harley Davidson motorcycle, VIN ending 0476;

        10. One 1987 Yamaha motorcycle, VIN ending 3326;

        11. One 1988 Yamaha motorcycle, VIN ending 5394;

        12. One 1989 Yamaha motorcycle, VIN ending 6889;

        13. One 1992 Yamaha motorcycle, VIN ending 8239;

        14. One Custom Dragster with GM 8 cylinder engine;

        15. One Honda Fortuna motorcycle, VIN ending 3806; and

        16. One Geo Tracker vehicle, VIN ending 0174.

32. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

_James C Erickson_
FOREPERSON

Dated: _June 19, 2012_

_[signature]_ FOR
JAMES L. SANTELLE
United States Attorney